# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARNETTE COLTAR, | CV F   04 5767 AWI LJO P |
|        Plaintiff, | SECOND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| J. JACINTO, et. al., | |
|        Defendants. | |

Larnette Coltar ("Plaintiff") is a state prisoner currently incarcerated at Valley State Prison for Women ("VSPW") and proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 24, 2005, the Court screened Plaintiff's complaint and found that it did not state a cognizable claim for relief. The Court dismissed the Complaint and granted Plaintiff leave to amend. On November 28, 2005, Plaintiff filed an Amended Complaint.

**A. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
complaint under this standard, the court must accept as true the allegations of the complaint in
question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

   Plaintiff alleges that in August of 2002, an examination revealed lump in her left breast.
Dr. Solomon ordered a mammogram on August 28, 2002.  Plaintiff next states that "defendants"
delayed performing the medical tests including the mammogram.  Plaintiff was again seen by
Dr. Solomon in January of 2003, and he again ordered a mammogram.  Plaintiff states that she
was not permitted on February 4, 2003, to have the mammogram and was told by a Doe
Defendant that she would be re-ducatted.  Plaintiff next states that From August 2002, to March
13, 2003, "doe defendants" delayed medical tests and that they were aware of the need for
treatment.  Plaintiff alleges the Doe Defendants delayed and refused to provide Plaintiff access
to a medical doctor from March 13, 2003, to June 9, 2003.  On June 9, 2003, Plaintiff went to
emergency sick call where Nurse Culley gave her a pass to return to the Doctors line on June 10,
2003.  However, on June 10, 2003, when she appeared before Nurse Flores and explained to her
the situation, Nurse Flores denied her access to health care staff qualified to address the

prisoner's medical problems. Plaintiff next complains that she has filed numerous inmate appeals regarding the conduct of the defendants described above and that her appeal was partially granted at the first level and granted at the second level by Defendant Jacinto.

On August 12, 2003, Plaintiff returned to the Doctor's line and was seen by R.O. Cannon. Defendant Cannon diagnosed the regrowing lump as scar tissue but refused to provide Plaintiff with antibiotics and pain medications. Plaintiff next states she believes Defendant Cannon knew of her need for treatment. Following these events Plaintiff was ultimately given a lumpectomy. Plaintiff states she inquired as to many doe defendants why she was not taken to her follow up appointments as ordered by the doctor but was asked to leave the clinic. Plaintiff states she believes the doe defendants were aware of the Doctors orders. concludes that grown and she was experiencing pain. Plaintiff was given a medical pass to return to the RN Line to be given a specific treatment ordered by the Doctor but Defendant Flores refused to see her. Plaintiff filed an appeal and was seen by Dr. Eaves who granted the appeal. In June of 2003, Plaintiff underwent a biopsy. A lumpectomy was performed in September of 2003. Subsequent to the surgery the lump began to grow again and cause pain. Plaintiff was given a second mammogram and ultrasound. The wound or lump apparently erupted at least twice following the surgery. Plaintiff states that her wound was not cleaned or bandages changed as needed.

Plaintiff names Jeanne Woodford, Dr. Jacinto, Dr. Cannon, Nurse Flores and Does 1-10 as Defendants and is seeking compensatory and punitive damages in addition injunctive relief.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

        *2. Eighth Amendment Claim*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing* Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

As in the case before, Plaintiff fails to link any of the named Defendants to an act or omission giving rise to an Eighth Amendment violation.  Plaintiff alleges generally that "defendants" or "doe defendants" took some action or failed to take some action but this is insufficient to state a claim for relief.  As noted above, Plaintiff must link every named individual to an act or omission giving rise to the violation.  Here, Plaintiff alleges that she went to the "B" yard medical clinic on June 10, 2003. and that Nurse Flores denied her "access to health care staff qualified to address the prisoner's serious medical problems."  (Amended Complaint at 3.) Plaintiff does not provide sufficient facts, however, that Nurse Flores knew that Plaintiff had a serious medical condition and disregarded that condition.  It appears from this allegation that Plaintiff was dissatisfied with treatment by the Nurse as she contends that she was not allowed to see "someone qualified to address" her needs.   Accordingly, the Court finds Plaintiff has failed to state a cognizable Eighth Amendment claim against Nurse Flores.

Plaintiff also does not allege facts sufficient to state an Eighth Amendment Claim against Dr. Cannon, Dr. Jacinto or any of the Does 1 through 10.   With regard to Dr. Cannon, Plaintiff's only reference to him is that Dr. Cannon seen her, diagnosed the lump as scar tissue, ordered an ultrasound but refused to provide Plaintiff with antibiotics and pain medications.   Plaintiff's allegations are insufficient to support a claim for relief under Section 1983 for violation of the Eighth Amendment. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to as 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981) (*internal citation omitted*). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986) (*internal citations omitted*).

Plaintiff also names Dr. Jacinto, but why is wholly unclear.  Plaintiff only states that she

5

filed an appeal concerning her medical care which was partially granted by Dr. Jacinto and that it was granted in whole at the second level, again by Dr. Jacinto. Other than this, Plaintiff alleges no facts that would warrant a finding of a cognizable claim under the Eighth Amendment.

Finally, with respect to the Doe Defendants, although it is clear that Plaintiff is unsure of the names of these individuals, this does not relieve her of the requirement that she link each doe defendant with an act or omission giving rise to the Constitutional violation. As in those cases where the name of the Defendant is known, Plaintiff must link each Doe Defendant (Doe #1, Doe #2.) to an act giving rise to a constitutional violation. It is insufficient to say general that the Plaintiff believes the Doe Defendants knew of and disregarded a serious need.

*3. Supervisory Liability*

The Court notes that Plaintiff names Jeanne Woodford, Director of Corrections as a Defendant.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

1  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation
2  of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v.
3  Black at 646.

### D. CONCLUSION

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with yet another opportunity to file a Second Amended Complaint curing the deficiencies identified above should she wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Second Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

### E. ORDER

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;
2. The Amended Complaint is DISMISSED with leave to amend. Within THIRTY

(30) days from the date of service of this order, Plaintiff SHALL:

    a.    File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b.    Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **December 14, 2005**          /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES MAGISTRATE JUDGE