# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARNETTE COLTAR, | CV F   04 5767 AWI LJO P |
| Plaintiff, | THIRD ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 19.) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| J. JACINTO, et. al., | |
| Defendants. | |

Larnette Coltar ("Plaintiff") is a state prisoner currently incarcerated at Valley State Prison for Women ("VSPW") and proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 24, 2005, the Court screened Plaintiff's complaint and found that it did not state a cognizable claim for relief. The Court dismissed the Complaint and granted Plaintiff leave to amend. On November 28, 2005, Plaintiff filed an Amended Complaint. The Court dismissed this Complaint on December 16, 2005, finding that Plaintiff had failed again to link any of the named Defendants to the alleged violations. Plaintiff

1

filed a Second Amended Complaint on February 1, 2006.[1]

## A. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## B. SUMMARY OF COMPLAINT

The allegations in Plaintiff's complaint concern the diagnosis and treatment of Plaintiff's medical condition concerning a lump found in her left breast. Plaintiff's statement of the facts, however, span 15 pages and are too lengthy to restate here. The Court has examined the Second Amended Complaint in detail and finds it does not allege claims sufficient to state a claim for relief under Section 1983. The Court will address Plaintiff's allegations in detail below.

## C. CLAIMS FOR RELIEF

---

[1] Plaintiff's Second Amended Complaint consists of one hundred ninety (190) pages.

2

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*2. Eighth Amendment Claim*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a

1  prisoner's civil rights have been abridged, "the indifference to his medical needs must be
2  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
3  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*
4  Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or
5  treating a medical condition does not state a valid claim of medical mistreatment under the
6  Eighth Amendment. Medical malpractice does not become a constitutional violation merely
7  because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.
8  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050
9  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136
10 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate
11 indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
12 1990).

13     After reviewing Plaintiff's Second Amended Complaint, the Court finds it necessary to
14 dismiss the Complaint yet again. Plaintiff provides at least fifteen pages of pure narrative
15 describing every encounter she had with numerous individuals over the course of three years.
16 Although Plaintiff separately lists each Defendant, she only provides information as to what that
17 person's job is at the prison. This is not sufficient to "link" any of the named Defendants to an
18 act or omission giving rise to the alleged constitutional violation.

19     Plaintiff later sets apart a section titled "Eighth Amendment" and alleges that "all of the
20 Defendants" named were responsible for the constitutional violations. Plaintiff then
21 "incorporates by reference" all of the facts set out in the numerous pages before. The mere
22 statement that one is "incorporating by reference" is not sufficient to state a claim for relief. It is
23 not the job of the Court to read Plaintiff's story and then make a determination that certain facts
24 give rise to constitutional claims for relief. This is the job of the Plaintiff who is attempting to
25 gain monetary damages for alleged wrongdoings. It is not too difficult a task to give only those
26 facts that show a violation occurred and ensure that these facts connect the each person named as
27 a Defendant.  The Court has examined Plaintiff's allegations four times now and each time has
28 given her specific information as to what the defects in the Complaint are and how she can cure

4

them. The Court can be no more clear.  The Court will afford Plaintiff one more time to attempt to cure the deficiencies as this case has been pending since May of 2004.  Plaintiff is advised that in amending her Complaint for the third time, she must *briefly* give only the facts showing that a particular person named as a Defendant violated her rights under the U.S. Constitution.  Plaintiff may not provide a simple statement for each Defendant saying that they violated her rights.  She must specifically and briefly say *how* that person violated her rights.

The Court notes further that Plaintiff has included numerous incidents and contacts that arose *after* she initiated this action on May 24, 2004.  Plaintiff may not include these incidents as they predate the initiation of this action.  Under the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5).  **Exhaustion must occur prior to filing suit.** McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Thus, plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

Plaintiff's inclusion of incidents arising after she filed this action are *necessarily* unexhausted for purposes of the PLRA because she could not have exhausted them prior to filing suit on May 24, 2004.  Thus, in amending her complaint, Plaintiff should refrain from including claims arising after May 24, 2006.

Plaintiff should also refrain from attaching including exhibits and evidence.  It is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the parties' evidence.  Originals or copies of

evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).  At this point, the submission of evidence is premature as the Plaintiff is only required to state a prima facie claim for relief.

Finally, with regard to Doe Defendants.  The term "doe" references a person who 's identity is unknown to the Plaintiff.  If Plaintiff knows the name of the person, then they cease to be a Doe Defendant and she should not refer to them as a "Doe Defendant."  As in the cases where a defendant's name is known, Plaintiff must link her facts to each and every Doe she seeks to hold liable.  Thus, if Plaintiff names 5 Doe Defendants, she must state individual and specific facts showing that Doe #1 or Doe #1 violated her federal constitutional rights.  Again, Plaintiff may not simply state that Does 1-10 violated her rights, she must allege specific facts.  Plaintiff should not tell a lengthy story and expect the Court to figure it out.  If Plaintiff is alleging an Eighth Amendment claim, she must give the Court facts showing how each Defendant named, including Does, violated her rights under the Eighth Amendment.  The law provided is only to inform the Plaintiff that an Eighth Amendment violation requires a showing that an individual knew of and disregarded a serious risk to the Plaintiff's health.  Thus, Plaintiff must allege facts showing a Defendant named "knew" of and "disregarded" a serious risk to her health.  She may not simply repeat the phrase and state a claim.

*3. Supervisory Liability*

Plaintiff again names Jeanne Woodford, Director of Corrections as a Defendant but alleges no facts indicating that Woodford either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).  Thus, she again fails to state a claim against Defendant Woodford.

**D. CONCLUSION**

The Court finds that Plaintiff's Second Amended Complaint does not state any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with ONE FINAL opportunity to cure these defects by filing a Third Amended Complaint.

Plaintiff must demonstrate in the Third Amended Complaint how the conditions complained of resulted in a deprivation of her constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Third Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled **"THIRD AMENDED COMPLAINT,"** reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;
2. The Second Amended Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:
    a. File a Third Amended Complaint curing the deficiencies identified by the Court in this Order, or

1         b.     Notify the Court in writing that she does not wish to file a Third Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **January 17, 2007**              /s/ **Lawrence J. O'Neill**
b9ed48                                      UNITED STATES MAGISTRATE JUDGE